**NO SUMMONS ISSUED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV 13-6385

| | |
|---|---|
| ROGELIO ST. ROSE, | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) |
| VERIZON NEW YORK, INC. | ) |
| Defendant. | ) ROSS, J. |
| | ) GOLD, M.J. |

## NOTICE OF REMOVAL

TO: United States District Court
for the Eastern District of New York

Defendant Verizon New York, Inc. ("Verizon"), by its undersigned counsel, Duane Morris LLP, hereby removes this action from the Supreme Court of New York, Kings County, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support thereof, Verizon states as follows:

1. Plaintiff Rogelio St. Rose commenced this action on or about August 7, 2013, in the Supreme Court New York, Kings County, by filing a Verified Complaint, a copy of which is attached hereto as Exhibit 1. Plaintiff's Complaint has been docketed in the Kings County Supreme Court Docket No. 14451/2013, a copy of which is attached hereto as Exhibit 2.

2. Defendant Verizon was served with a Summons and a copy of Plaintiff's Complaint on October 29, 2013. This Notice of Removal has accordingly been filed within 30 days of the date of the service of the Summons and Complaint on Verizon.

3. The Summons and Complaint described in paragraphs 2 and attached hereto as Exhibit 1 constitutes all of the process, pleadings and orders served upon Defendant Verizon in this action.

4. In his Complaint, Plaintiff alleges that he is a participant in a Verizon 401k plan (hereinafter the "Verizon Savings Plan"). Complaint at ¶7. Plaintiff further alleges that some time prior to June, 2008, he took out a loan from the savings Plan. Complaint at ¶8. Plaintiff further alleges that when he subsequently commenced a military leave, payments on the loan should have been suspended, but that as a result of Verizon's failure to suspend such payments, a default was eventually imposed with respect to the loan, and the loan balance was treated as a distribution from the Verizon Savings Plan which caused him to suffer adverse tax consequences and other damages. Id. at ¶¶11-19. Based on these allegations, Plaintiff asserts claims against Verizon for breach of contract, breach of fiduciary duty, and negligence. Complaint, Counts I through III.

5. The Verizon Savings Plan is an "employee benefit plan" covered by the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. §1001, et seq.

6. While not explicit, the claims asserted against Verizon clearly arise under a "employee benefit plan" governed by ERISA. As described herein in paragraph 4, the claims asserted against Verizon include claims which are cognizable under section 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §1132(a)(1)(B), and 502 (a)(3), 29 U.S.C. § 1132(a)(3). These claims therefore fall within the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(e) and (f).

7. Removal is also proper under the doctrine of field preemption, regardless of whether claims are expressly brought under a federal statute: "Congress may so completely pre-

empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding that plaintiff's state law claims for compensatory damages were preempted by ERISA and properly removed under 28 U.S.C. § 1441(b)).

8. The Complaint is properly removed because it seeks to enforce a claim or right arising under ERISA. *See* 28 U.S.C. §1441(b); 29 U.S.C. §1132; and 28 U.S.C. §1331.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which this action is based.

10. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. 1391 because the Complaint was filed in the Supreme Court of New York, Kings County.

11. Defendant is filing a copy of this notice with the clerk of the Supreme Court of New York, Kings County, as required by 28 U.S.C. § 1446(d).

12. In removing this action, Defendants Verizon does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including the exhibits attached hereto.

14. Based on the foregoing, Defendant has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. §1132, and that this action is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant Verizon New York, Inc. respectfully request that this action, currently pending in the Supreme Court of New York, Kings County, be removed to the United States District Court for the Eastern District of New York.

Respectfully submitted,

_____
Joanna R. Varon, Esq.
Duane Morris LLP
1540 Broadway
New York, New York  10036
(212) 692-1057

Of Counsel:
James P. Hollihan, Esq.
Duane Morris LLP
600 Grant Street, 50th Floor
Pittsburgh, PA  15219
(412) 497-1040

Attorneys for Defendant,
Verizon New York, Inc.

Dated:  November 18, 2013

## CERTIFICATE OF SERVICE

I, Joanna A. Varon Esquire, hereby certify that on this 18th day of November, 2013, a true and correct copy of the foregoing Notice of Removal was served via first class mail upon counsel of record as follows:

>Ada J. Davis, Esquire
>Davis Law Group LLP
>110 Cambridge Ave.
>Jersey City, NJ 07307

_____
Joanna R. Varon

# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
10/29/2013
CT Log Number 523786417

**TO:** Jasmine Johnson
Verizon Communications Inc.
One Verizon Way
Basking Ridge, NJ 07920-1097

**RE:** Process Served in New York

**FOR:** Verizon New York Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rogelio St. Rose, Pltf. vs. Verizon, New York, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY Case # 144512013 |
| **NATURE OF ACTION:** | Employee Litigation - Breach of Contract by not ensuring that Plaintiff's salary remained at base level during his military leaves |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/29/2013 at 15:45 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ada A. Davis Davis Law Group, LLC 110 Cambridge Avenue Jersey City, NJ 07307 201-743-9354 |
| **REMARKS:** | Please note: missing pages in the Complaint at the time of receipt by CT |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 797046728668 Image SOP Email Notification, Sabrina Moyano sabrina.moyano@verizon.com Email Notification, Victoria J Wefer victoria.j.wefer@verizon.com Email Notification, Alice Burke alice.burke@verizon.com Email Notification, Amy Hammer amy.d.hammer@one.verizon.com Email Notification, Jasmine Johnson jasmine.johnson@verizon.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mara Velasco |
| **ADDRESS:** | 111 Eighth Avenue 13th Floor New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of 1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ROGELIO ST. ROSE,<br><br>PLAINTIFF,<br><br>V.<br><br>VERIZON, NEW YORK, INC.<br><br>DEFENDANT. | INDEX NO. 14451/2013<br><br><br><br>VERIFIED COMPLAINT |

Plaintiff herein, Rogelio St. Rose, by his attorney, Davis Law Group LLC, as and for its verified complaint, alleges as follows:

1. Plaintiff Rogelio St. Rose is an individual residing in the state of New York.

2. Defendant Verizon New York, Inc. is a New York Corporation with its principal place of business located at 140 West Street, 20th Floor, New York, New York.

3. Plaintiff is an active duty member of the United States Army Reserves (the "Reserves") and has been at all times relevant to this complaint.

4. Plaintiff is currently employed as a utility worker for defendant Verizon New York Inc. He has been so employed at all times relevant to this complaint.

5. As a member of the Reserves, Plaintiff is required to report for military service periodically. During these times, Plaintiff is a full time soldier and is placed on military leave by Defendant pursuant to the Verizon Emergency Military Active Leave Policy (the "Policy").

6. Pursuant to the Policy, Defendant is entitled to the following benefits:

   a. Guaranteed job protection to the same or similar position held prior to leave;

   b. Full base pay: Defendant will make up the difference between any base pay received from the military and the base pay received from Plaintiff's employment for up to three years; and

   c. Temporary suspension of repayment on any loans taken from the employee's Verizon Savings and Security Plan for NY and NE Associates (the Savings Plan) account to prevent the loan from going delinquent and subsequently defaulting.

7. During his employment, plaintiff enrolled in the Savings Plan, consistently depositing funds through an automatic payroll deduction.

8. Prior to June 2008, plaintiff took out a $50,000 loan from the Savings Plan. Plaintiff's loan was to be repaid in monthly payments. The payments were scheduled to be taken out of Plaintiff's paycheck every pay period through an automatic payroll deduction.

9. Subsequent to withdrawing the loan, Plaintiff took several military leaves of various duration throughout 2008.

10. In order to take military leave, plaintiff is required to submit an Application for Education, Civic, Military or Personal Leave form ("application") to Defendant's Human Resources Department for his supervisor's approval.

11. Before every military leave plaintiff took in 2008, he submitted the required application to Defendant's Human Resource Office and obtained approval.

12. Because Plaintiff was on military leave, Defendant was obligated to inform the Savings Plan that payments should be suspended in accordance with defendant's policies.

13. Defendant failed to inform the Savings Plan of several of Plaintiff's approved military leaves in 2008 and that payments to the loan should be suspended.

14. Due to Defendant's failure, the Savings Plan defaulted his loan on November 17, 2008.

15. Prior to defaulting the loan, the Savings Plan contacted defendant to confirm plaintiff's military leave status.

16. Plaintiff provided inaccurate information to the Savings Plan, failing to confirm plaintiff's military leave that would have suspended plaintiff's payments and precluded default of the loan.

17. Due to the default, the balance of Plaintiff's loan in the amount of $48,600.63 was disbursed on November 17, 2008, creating a taxable event for Plaintiff on the entire balance of the loan.

18. Because the loan was disbursed, Defendant has refused to allow plaintiff to repay the loan and return the money to his Savings Plan account, resulting in his account balance being $48,600.63 less than it should be.

19. Plaintiff has also been deprived of the interest the money would have earned but for Defendant's failures-believed to be as much as ten percent.

### Count One
### Breach of Contract

20. Plaintiff repeats and reiterates all allegations herein before and hereinafter alleged as if they were fully set forth herein.

21. At all times relevant to the instant action, Defendant was obligated through its company policies to oversee Plaintiff's participation in the Savings Plan.

22. At all times relevant to the instant action, Defendant was obligated through its company policies–including the Verizon Leave Program and the Emergency Military Active Leave Policy–to provide the Savings Plan with accurate notice of Plaintiff's military leaves.

23. At all times relevant to the instant action, Defendant was obligated through its company policies–including the Emergency Military Active Leave Policy–to ensure Plaintiff's income did not fall below his Verizon base pay.

24. Defendant breached its obligations by not ensuring that Plaintiff's salary remained at base level during his military leaves.

25. Defendant breached its obligations by not ensuring the Savings Plan received accurate information regarding plaintiff's military leaves to suspend payments to the Savings Plan.

26. Because of Defendant's breach:

    a. Plaintiff's loan was improperly defaulted and discharged as a taxable event;

    b. Plaintiff incurred tax exposure as a result of the discharge of the loan;

    c. The balance on Plaintiff's savings plan account is $48,600.63 plus interest less than it should be.

27. Plaintiff demands reinstatement of the loan.

28. Plaintiff demands payment in the amount of the accrued interest that should have been earned but for Defendant's breach.

29. Plaintiff demands payment in the amount of taxes assessed on the $48,600.63 discharged as the result of Defendant's breach.

30. Plaintiff demands and is entitled to attorney's fees.

31. Plaintiff has been damaged by defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for compensatory damages and in an amount that exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for punitive damages.

### Count Two
### Breach of Fiduciary Duty

32. Plaintiff repeats and reiterates all allegations herein before and hereinafter alleged as if they were fully set forth herein.

33. At all times relevant to the instant action, Defendant had a fiduciary duty to oversee Plaintiff's participation in the plan in a way that was in his best interest.

34. Defendant failed to act in Plaintiff's best interest when it failed to inform the Savings Plan that Plaintiff was on Active Military Leave and the payments should be suspended.

35. Defendant's breach caused Plaintiff to:

    a. Suffer exposure to the Internal Revenue Service for taxes on the discharged amount;

    b. Lose out on interest that would have accrued to the $48,600.63 that would have been repaid into the loan; and

    c. Have $48,600.63 less in his Savings Plan account than he should have.

36. Plaintiff demands reinstatement of the loan.

37. Plaintiff demands payment in the amount of the accrued interest that should have been earned but for Defendant's breach.

38. Plaintiff demands payment in the amount of taxes assessed on the $48,600.63 discharged as the result of Defendant's breach.

39. Plaintiff demands and is entitled to attorney fees.

40. Plaintiff has been damaged by defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for compensatory damages and in an amount that exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action for punitive damages.

Count Three

Negligence

41. Plaintiff repeats and reiterates all allegations herein before and hereinafter alleged as if they were fully set forth herein.

42. At all times relevant herein, Defendant was responsible for informing the Savings Plan that plaintiff was on military leave, allowing payments on the loan to be suspended.

43. Defendant failed to notify the Savings Plan of all of plaintiff's military leaves in 2008.

44. But for Defendant's breach:

   a. Plaintiff's loan would not have been defaulted and discharged as a taxable event;

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ROGELIO ST. ROSE,<br><br>    PLAINTIFF,<br><br>v.<br><br>VERIZON,<br><br>    DEFENDANT. | INDEX NO. 14451/2013<br><br><br>SUMMONS |

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**Venue**

Plaintiff designates Kings County as the place of trial. The basis of venue is plaintiff's address. Plaintiff's address is 85 Hancock Street, Brooklyn, NY 11216.

Dated: July 29, 2013

Defendant's Address:
Verizon
140 West Street, 20 th Floor
New York, NY

DAVIS LAW GROUP, LLC

Ada A. Davis
Attorney for Plaintiff

110 Cambridge Avenue
Jersey City, NJ 07307
201-743-9354

KINGS COUNTY CLERK RECEIVED 2013 AUG -7 PM 3:24

# Exhibit 2

# 14451 /2013

Plaintiff : **ST. ROSE, ROGELIO**
Plaintiff Attorney : **DAVIS**
Defendant : **VERIZON**
Defendant Attorney :
Remarks :
Opened : **08/07/2013**
Type : **Contract**

| Filed | Actions | Rec. Room |
|---|---|---|
| 08/07/2013 | Summons & Verified Compl. - mail | 08/13/2013 |

Total Row Count in Report- 1