

| | | |
|---|---|---|
| NEW YORK | | BALTIMORE |
| LONDON | | WILMINGTON |
| SINGAPORE | | MIAMI |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | BOCA RATON |
| CHICAGO | | PITTSBURGH |
| WASHINGTON, DC | | NEWARK |
| SAN FRANCISCO | JOANNA R. VARON | LAS VEGAS |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1057 | CHERRY HILL |
| SAN DIEGO | PERSONAL FAX: +1 212 208 6831 | LAKE TAHOE |
| BOSTON | E-MAIL: jrvaron@duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| LOS ANGELES | www.duanemorris.com | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| ATLANTA | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |

December 23, 2013

**(VIA ECF)**

Hon. William F. Kuntz
United States District Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: **Rogelio St. Rose v. Verizon New York, Inc.**
              **Case No. 1:13-CV-6385**

Dear Judge Kuntz:

      On behalf of Defendant Verizon New York, Inc., we respectfully request a pre-motion conference to discuss its anticipated Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      This action involves claims by Roselio St. Rose against Verizon New York, Inc., a subsidiary of Verizon Communications Inc. (collectively "Verizon"). In his Complaint, Plaintiff alleges that he is employed by Verizon and is a participant in a Verizon 401k plan (hereinafter the "Verizon Savings Plan"). Complaint at ¶7. Plaintiff further alleges that some time prior to June, 2008, he took out a loan from the Savings Plan. Complaint at ¶8. Plaintiff further alleges that when he subsequently commenced a military leave, payments on the loan should have been suspended, but that as a result of Verizon's failure to suspend such payments, a default was eventually imposed with respect to the loan, and the loan balance was treated as a distribution from the Verizon Savings Plan which caused him to suffer adverse tax consequences and other damages. Complaint at ¶¶11-19. Based on these allegations, Plaintiff asserts state law claims against Verizon for breach of contract, breach of fiduciary duty, and negligence. Complaint, Counts I through III. Plaintiff's Complaint was initially filed in the New York Supreme Court in



Hon. William F. Kuntz
December 23, 2013
Page 2

Kings County and was subsequently removed by Verizon on the basis of ERISA federal question jurisdiction.

All of the claims asserted in Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, all of the claims asserted by Plaintiff are based on state law, but clearly encompass claims which are governed by ERISA, inasmuch as they all relate to the Verizon Savings Plan, which is an employee benefit plan covered by ERISA. It follows that all of the state law claims asserted in the Complaint should be dismissed because they are preempted by ERISA. See e.g., Reichelt v. Emhart Corp., 921 F.2d 425, 431 (2d Cir. 1990); Smith v. Dunham-Bush, Inc., 959 F.2d 6, 9 (2d Cir. 1992); Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146 (2d Cir. 1989).

Second, to the extent Plaintiff attempts to assert his claims under ERISA or amend his Complaint to assert ERISA claims, such efforts would be futile because of his failure to pursue or exhaust the administrative remedies available under the Savings Plan prior to filing this action. Specifically, as required by ERISA, the Savings Plan has a claim and appeal procedure available to participants. It is well settled that prior to pursuing litigation, a claimant is required to exhaust such administrative remedies. See, e.g., Chapman v. Choice Care Long Island Term Disability Plan, 2002 U.S. App. LEXIS 24460 (2d Cir. 2002), Davenport v. Abrams, Inc., 249 F.3d 130, 133-134 (2d Cir. 2001); Paese v. Hartford Life & Accident Insurance Co., 449 F.3d 435-445 (2d Cir. 2006). Any attempt by Plaintiff to pursue claims under ERISA would be premature prior to his exhausting the Plan's claim and appeal procedures.

Third, in his Complaint Plaintiff alleges that as a result of Verizon's conduct he suffered damages, including adverse tax consequences. Complaint ¶31. Plaintiff's Compliant appears to seek compensatory dames based on these allegations. Complaint¶¶ 31, 40. However, it is well settled that such damages may not be recovered under ERISA, which provides for only equitable remedies. Great-West Life & Annuity Ins. Co. v. Knudsen, 534 U.S. 204 (2002); Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Sereboff v. MidAtlantic Medical Services, Inc., 547 U.S. 356 (2006).

Third, any claim by Plaintiff under ERISA for breach of fiduciary duty would be subject to dismissal for several reasons. These include:

    (a) To the extent these claims are asserted under §502(a)(2) of ERISA, they are legally deficient because that section only authorizes a breach of fiduciary duty claim when a plaintiff is seeking a remedy on behalf of the plan, as opposed to an individual remedy. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134 (1985).

    (b) Plaintiffs' breach of fiduciary claims are legally deficient under §502(a)(3) of ERISA because Plaintiff is not seeking equitable relief, but is seeking damages. See Complaint ¶31. However, an award of damages is not a proper remedy under §502(a)(3). Great-West Life & Annuity Ins. Co. v. Knudsen, 534 U.S. 204 (2002)

Hon. William F. Kuntz
December 23, 2013
Page 3

DuaneMorris

    (c) Plaintiff's claim for breach of fiduciary duty is barred because he has not sued any entity or person named as a fiduciary under the Savings Plan. The only named defendant is Verizon New York Inc., and Plaintiff has failed to allege (and cannot allege) that this entity is a fiduciary under the Plan, or that any Verizon employees were acting in a fiduciary capacity under the Plan. See 29 U.S.C. §1002(21)(A) (definition of "fiduciary" under ERISA). See also Pegram v. Herdrich, 530 U.S. 211, 225-226 (2000) (stating that "[i]n every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint").

    For these reasons, Defendant respectfully requests a pre-motion conference.

                   Very truly yours,

                   /s/ Joanna R. Varon

JRV:jb

cc:  Ada A. Davis, Esq. (*via ECF and first-class mail*)

DM3\2778869.1